IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| CHERRY HOWARD | § | PLAINTIFF |
|---|---|---|
| | § | |
| V. | § | 1:04CV607LG-RHW |
| | § | |
| CHARLEY TRANSPORTATION, INC. | § | |
| AND ALBERT STRAW | § | DEFENDANTS |

## ORDER DENYING PLAINTIFF'S MOTION FOR A NEW TRIAL

BEFORE THIS COURT is the Plaintiff's Motion for New Trial [85], filed in the above-captioned cause on April 7, 2006.  The Defendants filed a response on April 18, 2006.  The Court, having considered the motion, Defendants' response, the arguments of counsel and the relevant legal authority, is of the opinion that the motion should be denied.

The Plaintiff seeks a new trial pursuant to FED. R. CIV. P. 59.  According to the Plaintiff, "[i]t is clear that the jury verdict in the instant case of no negligence against Albert Straw is against the great weight of the evidence and that, in the interest of justice, a new trial should be granted."  (Pl.'s Br. Mot. in Supp. of Mot. for New Trial, pp. 2-3, filed Apr. 7, 2006.)  The Plaintiff's motion is based upon the following grounds for relief:

1. That the Plaintiff met her burden in proving negligence because the evidence was undisputed that Albert Straw crossed the highway without yielding to approaching traffic;

2. That the testimony of Defendants' expert, Brett Alexander, "substantially deviated from the testimony proffered in his expert report and from his deposition testimony to such an extent so as to prevent the plaintiff from adequately preparing to rebut the testimony; (Pl.'s Br., p. 4.)

3. That the "verdict is inconsistent with substantial justice due to the admission of unreliable expert testimony;" (Pl.'s Br., p. 8.) and

4. That the Court erred in instructing the jury as follows: "As a general rule, the mere fact that an accident has occurred is not of itself, evidence of negligence on

the part of anyone." (Pl.'s Br., p. 13.)

The Defendants contend that the "jury's verdict in this case was correct and their findings should not be disturbed." (Defs.' Resp. to Pl.'s Mot. for New Trial, p. 2, filed Apr. 18, 2006.) The Defendants also contend that the calculation given by their expert, Brett Alexander, during trial "concerning Plaintiff's ability to stop in the median," (Defs.' Resp., p. 8) "was fully disclosed and accepted by Plaintiff's own expert, and all of the factors . . . were accepted by Plaintiff's own expert." (Defs.' Resp., p. 9.) In addition, the Defendants contend that Plaintiff failed to object to this testimony during trial, and therefore any objection to the testimony is waived. With regard to the jury instruction, the Defendants contend that it was proper because this case is not a res ipsa loquitur case.

FED. R. CIV. P. 59(a) provides that "[a] new trial may be granted to all or any of the parties and on all or part of the issues . . . in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." FED. R. CIV. P. 59(a). "A motion for a new trial should not be granted unless the verdict is against the great weight of the evidence, not merely against the preponderance of the evidence." *Dahlen v. Gulf Crews, Inc.* 281 F.3d 487, 497 (5th Cir. 2002), *citing Carter v. Fenner*, 136 F.3d 1000, 1010 (5th Cir. 1998). The Court may grant a new trial "when it is necessary to do so 'to prevent an injustice.'" *Gov't Fin. Servs. One Ltd. P'ship v. Peyton Place, Inc.*, 62 F.3d 767, 774 (5th Cir. 1995) (citations omitted). "'Factors militating against new trials in such cases are simplicity of the issues, the degree to which the evidence was in dispute, and the absence of any pernicious or undesirable occurrence at trial.'" *Dawson v. Wal-Mart Stores, Inc.*, 781 F. Supp. 1166, 1171 (N.D. Miss. 1992), *quoting Conway v.*

*Chemical Leaman Tank Lines, Inc.*, 610 F.2d 360, 363 (5th Cir.1980) (citation omitted).

The Plaintiff has failed to show that the verdict is against the great weight of the evidence. After hearing all of the testimony, the jury found in favor of the Defendants on the Plaintiff's negligence claim. Although several experts testified in this case, the trial was not lengthy, and the issues presented to the jury were not complicated. The jury determined that the Defendants were not liable, and that determination should not be disturbed. For these reasons, the undersigned is of the opinion that Plaintiff's motion should be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED,** that the Plaintiff's Motion for New Trial [85] should be, and is hereby **DENIED.**

**SO ORDERED AND ADJUDGED** this the 11th day of July, 2006.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE